## McDONOUGH v. WALSH.

(Supreme Court, General Term, Second Department.    December 12, 1892.)

PERSONAL INJURIES—EVIDENCE—NONSUIT.

In an action for personal injuries, plaintiff's evidence showed that he was employed by defendant in the hold of a steamship, assisting to put pig iron in buckets, which were hoisted by steam power through the hatchway above the combings of the top hatch, and then swung over the dock, and there emptied; that one bucket, not being raised to a sufficient height, was swung against the side of the hatchway, and overturned, and its contents spilled into the

hold, where plaintiff was at work, injuring his foot; that his fellow servants were competent, and the apparatus used was that commonly employed to perform such work, and was free from defect; that it was common for buckets to dump their loads back into the hold if they hit anything while ascending; that several loads had been so dumped on the morning before the injury occurred; that plaintiff was experienced in such work, and knew the dangers incident thereto. *Held*, that it was proper to grant a nonsuit at the close of plaintiff's evidence.

Exceptions from circuit court, Kings county.

Action by John McDonough against Peter H. Walsh for personal injuries. At the close of plaintiff's case, defendant moved for a nonsuit, which was granted, and plaintiff excepted. The cause comes before the general term on an order directing that the exceptions be heard there in the first instance. Exceptions overruled.

Plaintiff was working for defendant in the hold of a steamship, aiding to unload a cargo of pig iron, which was being hoisted through the hatchways in buckets, by steam power. The duty of plaintiff was to help fill the buckets and attach them to the fall, after which he gave the signal, and the steam power was applied on deck, and the bucket hoisted to a point above the combings of the top hatch. At this point a Burton fall was attached to the bucket, with the intention of pulling it sideways, so as to swing it over the side of the ship and dump it on the dock. One bucket stopped just below the combings of the hatch, and there the Burton fall was hooked to it. Power was then applied to both the main fall and the Burton fall, but the power applied to the main fall failed to move it, and that applied to the Burton fall pulled sideways on the load, and, dashing the bucket against the side of the hatchway, overturned it, and spilled its contents through the hatchway into the hold. Plaintiff was standing under the wings of the ship, about 12 feet from the hatchway, in the hold, and some pieces of the iron bounded from the casing of the shaft and struck him on the foot, necessitating the amputation of two of his toes.

Plaintiff alleged in his complaint that the rope or main fall was not properly fastened to the hoisting machinery, but was left loose, so that it could not be properly held in its place when the buckets were hoisted, and that a fellow servant, whose duty it was to attend the gangway and assist in discharging such buckets, was wholly incompetent for the performance of such work, all of which was well known to defendant.

Plaintiff's evidence showed that he had worked as longshoreman for 12 years, and was familiar with the danger accompanying the loading and unloading of vessels; that six or seven buckets had been dumped into the hold on the same morning, and in the same way as the one which caused the injury; that the gangway man was competent, and that the method of hoisting the iron was the one commonly used for such purposes.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Chas. J. Patterson, for appellant.

Hobbs & Gifford, for respondent.

BARNARD, P. J. There is no proof of neglect upon the part of the master. The plaintiff was an employe whose place was in the hold of a steamship. His duty was to fill the buckets with short bars of iron. The loaded bucket was raised by steam. When the bucket reached the top of the combings of the top hatch, it was, by another employe, pulled sideways and dumped on the dock. There is an entire absence of proof tending to show any defect in the appliance which was used. The bucket was strong, and the rope sufficient. The only cause of the accident was that the bucket was not raised sufficiently to clear the top of the hatchway, and thereby the bucket was overturned. The method

of unloading vessels was a common one. "It was an ordinary and customary way to unload heavy freight," as was stated by the plaintiff upon the trial. The mode of using the hoistway apparatus was changed a little while before the accident. The bucket had, for some reason, dumped its load. It was a common occurrence for the bucket to turn out its load if it hit anything. The cause of the accident in question is not very clear to me from the evidence. The appliance was safe when it was properly used. The plaintiff was therefore properly nonsuited. Cregan v. Marston, 126 N. Y. 568, 27 N. E. Rep. 952. Exceptions overruled, and judgment for defendant in the nonsuit, with costs. All concur.